1  BRITTANY STARR ARMSTRONG, ESQ (SBN 268260)
2  6401 SHELLMOUND AVE
   EMERYVILLE CA, 94608
3
4  Tel: (707) 718-8832
   Fax: (510) 419-0948
5
6  Attorney for Plaintiffs
   PRESTON D. MARSHALL and DEMARIO D. DRIVER
7

**FILED**
APR 19 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF COURT
OAKLAND OF CALIFORNIA

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10 PRESTON D. MARSHALL, an individual aka Trent D. Farmer DEMARIO D. DRIVER, an individual aka "Symba"<br><br>14      Plaintiff<br><br>15 vs.<br><br>16 JOHN HUFFMAN IV, REAL CONTENT MEDIA GROUP; MARIAH CAREY, an individual; ISLAND DEF JAM MUSIC GROUP, A DIV. OF UMG RECORDINGS, INC., TERIUS YOUNGDELL NASH, an individual aka THE-DREAM; CARLOS MCKINNEY, an individual; and Does 1-50.<br><br>24      Defendants. | Case No. **C10-01665** ADR SI<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR**<br><br>**(1)COPYRIGHT INFRINGEMENT;**<br>**(2) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br>**(3) NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br>**(4) FRAUD;**<br>**(5)CONVERSION.** |

25
26  _____
27
28

1.     Comes now TRENT FARMER and DEMARIO DRIVER, hereinafter

referred to as the Plaintiffs, and files this action against the Defendants, JOHN

HUFFMAN IV, REAL CONTENT MEDIA GROUP; MARIAH CAREY, AN

INDIVIDUAL; ISLAND DEF JAM MUSIC GROUP, A DIVISION OF UMG

RECORDINGS, INC., TERIUS YOUNGDELL NASH, AN INDIVIDUAL AKA

THE-DREAM; CARLOS MCKINNEY, hereinafter referred to as Defendants and

alleges as follows:

## INTRODUCTION:

2.     This is an action brought by Plaintiffs, PRESTON D. MARSHALL and

DEMARIO D. DRIVER owners of the Copyright of sound recording "Are You The One"

illegally reproduced by all Defendants under the title "My Love". Plaintiffs, PRESTON D.

MARSHALL and DEMARIO D. DRIVER brings this action after discovering that

Defendants reproduced, distributed and recorded through several medias Plaintiffs'

Copyrighted musical work. Plaintiff Preston D. Marshall aka Trent D. Farmer published

the song titled "Are You The One" at his recording studio in Oakland, California on March

11, 2008. Defendants have systematically and repeatedly exploited the unauthorized

distribution and reproduction of Plaintiffs' protected works through music videos.

According to U.S. *Billboard* Hot Digital Songs chart, Plaintiffs' Copyrighted song that

defendants have reproduced and purported it as their own, debuted at number 178, with

9,424 digital downloads sold, climbed to number 50 the following week of its release and

peaked at number 36. Defendants have with impunity and reckless disregard perpetuated the unlawful exchange of protected materials across the vast expanses of the Internet, Radio and Digital Media, and where the hit song is being exchanged include first-run music videos currently playing on *You-tube* and other major public media outlet sources. Defendants have vastly broadcasted Plaintiffs' creative works all over the world via well established communication networks and have publically boasted of Plaintiffs' works being their own. Plaintiffs' song has contributed to the rapid advancement of Defendants' popularity with potential fans and music industry leaders. Defendants have nefariously gained credibility from the song and successfully turned their growing fan base into huge profits through advertising and promotions. Plainly stated, Defendants reported business growth has been and remains based on the daily massive infringement that they themselves enable and encourage. Defendants' conduct has caused and continues to cause Plaintiffs grave and irreparable harm.

## JURISDICTION AND VENUE

3. Plaintiffs first cause of action, Copyright infringement, arises under the Copyright Act, 17 U.S.C. § 101, *et seq.* Accordingly, this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1338. This Court has personal jurisdiction over Defendants because they reside in and/or are doing business in this State of California. They have intentionally engaged in acts targeted at the Northern District. Their actions have caused harm in this District as Plaintiffs created the Copyrighted work

and reside in this district. Defendants have purported to enter into agreements with residents of this State and District; and they have purposefully availed themselves of the privilege of conducting activities in this State and District. In addition, many of the wrongful acts complained of herein occurred in this State of California and in the Northern District.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 400(a) because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

5. Plaintiff, PRESTON D. MARSHALL is an individual, and a resident of the City of Oakland, Alameda County, State of California.

6. Plaintiff, DEMARIO D. DRIVER is an individual and a resident of the city of Oakland, Alameda County, State of California.

7. Plaintiffs are independent music producers and freelance writer/sound engineers that own the Copyright, or exclusive reproduction, adaptation, and/or distribution rights under United States Copyright Law. Plaintiffs have various Copyrights for their original works. Plaintiffs' Copyrighted song, "Are You the One" also referenced as "Are You The One For Me" is the subject of a valid Certificate of Copyright Registration # SR0000628547 from the Register of Copyrights. (See Exhibit A).

8. Plaintiffs are informed and believe, and based thereon allege, Defendant,

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR COPYRIGHT INFRINGEMENT

4

JOHN HOFFMAN IV, REAL CONTENT MEDIA, hereinafter "HUFFMAN" is a limited liability company with its principal place of business in Los Angeles, California.

9. Plaintiffs are informed and believe, and based thereon allege, Defendant, MARIAH CAREY, herein after "CAREY" is a resident of New York, New York.

10. Defendant, THE ISLAND DEF JAM MUSIC GROUP, herein after, "DEF JAM" A Division of UMG Recordings, Inc., is a corporation organized and existing under the laws of the State of California with a place of business in Los Angeles, California. (Defendants The-Dream and UMG Recordings, Inc. are collectively referred to herein as "DEF JAM MUSIC GROUP")

11. Each of the Defendants is, and at all times herein was, a party to the unlawful activities complained of herein, and has conspired with and/or acted in concert or combination with each of the other Defendants and/or has aided and abetted such other Defendants and/or has acted as an agent for each of the other Defendants with respect to the actions and matters described in this Complaint.

12. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants sued herein as Does 1-50, are unknown to Plaintiff, which sues said Defendants by such fictitious names (the Doe Defendants including Doe 1). If necessary, Plaintiffs will seek leave of court to amend this complaint to state their true names and capacities when ascertained. Plaintiffs are informed and believed and based thereon alleges that the Doe Defendants should also be subjected to the relief requested.

## STATEMENT OF FACTS

13. Defendant HUFFMAN and Plaintiff FARMER, were introduced to one another in May of 2008. Defendant HUFFMAN heard Plaintiffs' music.

14. Defendant HUFFMAN, contacted Plaintiff FARMER on the premise that he had an opportunity for Plaintiff FARMER and his recording artist Lady Nicole. Defendant HUFFMAN was specifically interested in a record the Plaintiffs' had produced entitled, "Are You the One."

15. Defendant HUFFMAN, boasted about his marketing capabilities with mobile and internet networks and his management with producer, Defendant LOS Da Maestro. Defendant HUFFMAN thus subsequently asked to hear some of Plaintiffs' originally produced and published music tracks.

16. In mid-May 2008, Plaintiff MARSHALL electronically mailed Defendant HUFFMAN, Plantiffs' original music musical composition, "Are You the One."

17. Defendant HUFFMAN received "Are You the One" and stated that he thought this was a great song. Defendant HUFFMAN further stated that the chorus on the song could be stronger and suggested that he get Tayma Loren, an artist signed to his media group to sing the chorus. In order to determine if that's what the song needed he requested that he hear the song without the chorus. Plaintiff FARMER sent the song without the chorus to Defendant HUFFMAN via email.

18. Defendant HUFFMAN told Plaintiff FARMER that Tayma Loren would

sound great on the chorus and Defendant HUFFMAN would have his producer Defendant

L.O.S. mix and master the record.  He boasted about how much Defendant L.O.S. liked the

track and how it would be a great opportunity to have platinum producer co-produce the

track with Plaintiffs.

19.    Plaintiff TRENT FARMER and Defendant HUFFMAN continued working

together and in September Defendant HUFFMAN purported to Plaintiff FARMER that he

was in fact finalizing an agreement with Plaintiff FARMER to have Plaintiff FARMER

and LOS work together on the song.

20.    Almost immediately after Plaintiff FARMER initiated conversation about the

contract, Defendant HUFFMAN cut off all communication with Plaintiffs and Plaintiff

FARMER alleges upon belief that Defendant HUFFMAN circulated the song recording to

other named defendants, and changed the original title of the song from "Are You The

One" to "My Love."  The songs contain identical melodic coding and the same harmonic

protocols that are readily discernible to the human ear.  Regardless of which version is

heard, the extrinsic evidence shows verifiable communications between the parties that

inescapably connects Defendants to that specific musical single and the conditional

disclosure of his works.

21.    Plaintiff FARMER's continued attempts to contact the Defendant

HUFFMAN failed.

22.    Plaintiff FARMER became aware of the infringement when Defendant

THE DREAM'S Sophomore debut, "Love vs. Money" album came out which included his second single, "My Love" which is identical to "Are You the One" produced by Plaintiffs.

23.     Plaintiff FARMER, contacted Defendant HUFFMAN and asked him "Why did you steal my song?" Defendant HUFFMAN stated "We can work this out." Around July of 2009, Defendant HUFFMAN asked Plaintiff FARMER to meet him in LA. Plaintiff FARMER and Defendant HUFFMAN met and discussed the obvious infringement. Defendant HUFFMAN briefly inquired about settlement prospects, but subsequently refused to finalize any further discussions that would obviate the necessity of legal action. Defendant HUFFMAN reached out to Plaintiff FARMER again in September of 2009. Nothing was resolved and Defendant HUFFMAN subsequently cut off all communication to Plaintiff FARMER.

24.     Defendants have encouraged and enabled infringement of the creative works of Plaintiff, including directing the activities of an organized network to promote and sell for profit the digital downloads of his song files therewith a related music video and effectively distributed Plaintiffs' works to millions wherein copies were unlawfully reproduced. Defendants furthered their success utilizing technological means, within a well-established network of music industry support services to accomplish these infringements. Defendants further enabled this process in a way that assisted and facilitated their cohorts' numerous infringements.

25.     Defendants' show business network (hereinafter "network") is throughout

the United States and the world for which an enormous number of infringed copies of his song recordings are available.  At any given time, they are available for downloading or directly through the Defendants' other network sources where his works are presently being distributed and reproduced in violation of the Copyright law.  The infringed song includes not just illegal copies of the hit sound recordings but, a more recently released music video that is still playing over the internet on U-tube and other web-based Internet locations worldwide.

26.     Defendants and each of them are fully cognizant of their infringing acts through their network and at all times were able to control them.  Defendants are also aware of the illegal nature of their acts, activities, participation in, facilitation of, material contribution to, and encouragement of those activities for profit from those activities by, *inter alia* attracting advertising revenues and otherwise adding value to Defendants' respective businesses.

## FIRST CAUSE OF ACTION:
## COPYRIGHT INFRINGEMENT
**By All Plaintiffs Against All Defendants, for Copyright Infringement Pursuant to 17 U.S.C. § 501, et seq.**

27.     Plaintiffs incorporates by reference the allegations of paragraphs 1 Through 26 of this Complaint as though fully set forth here.

28.     Plaintiffs owns a valid and enforceable Copyright which are creative works of original authorship by Plaintiffs.  (See exhibit A)

29.     Plaintiffs have complied in all respects with the Copyright Laws and are the

exclusive owner of the Copyrights to its Software and Support Materials, including the rights infringed by Defendants. Plaintiffs have obtained from the Register of Copyright Certificates of Registration that cover the song, "Are you the One," taken by Defendants.

30. This registration generally covers, but is not limited to, numerous versions of Plaintiffs' song including any updates to the songs relevant versions, fixes and any exemplars without a license.

31. Through the acts alleged above Defendants have violated Plaintiff's right to reproduce and distribute the song.

32. Defendants have also violated Plaintiffs' right to control the distribution, creation or derivate works and public display of their Copyrights works by downloading, copying, creating derivative works to Defendant's customers, via posting to its website, playing it on the radio or over other medias or otherwise in violation of 17 U.S.C. § 106.

33. Defendants were not authorized to copy, download, reproduce, create derivative works from, distribute, or publically display Plaintiffs' song as authorized by and in support of a specific licensed customer, using only that licensed customer's log and credentials.

34. Without authorization or permission, Defendants reproduced and distributed the following Copyrighted work of Plaintiffs, "Are You the One." Copyright Registration Number # SR0000628547.

35. In addition to directly infringing Plaintiffs' Copyright, Defendants have

contributory and/or vicariously infringed Plaintiffs' Copyright by controlling, directing, inducing or materially contributing to the copying, distribution, publicity, display or creation of derivative works from Plaintiffs' Copyrighted song. Defendants also obtained a direct financial benefit from the above alleged actions.

36. Defendants knew or should have known that copying, distributing, public display and/or creating derivative works from Plaintiffs' song which Defendants copied and had no license to copy, distribute, publically display or create derivative works from those materials infringed would harm Plaintiff.

37. A tremendous amount of Copyright infringement takes place on and through Defendants' network every day. These infringements occur, *inter alia,* whenever one of their users, without authorization of the Copyright owner, uses downloads and/or purchases the song. Such acts constitute unauthorized reproduction and distribution and result in pirated copies. Defendants participate in, facilitate, materially contribute to, and encourage these infringements.

38. At all relevant times, Defendants have engaged and continue to engage in the business of knowingly and systematically participating in, facilitating, materially contributing to, and encouraging the above-described unauthorized reproductions and/or distributions of the Copyrighted Sound Recordings and thus the infringement of Plaintiffs' exclusive rights under Copyright law. Defendants have actual and constructive knowledge of the infringements committed on and through their network.

39.     At all relevant times, Defendants have derived substantial financial benefit from the infringement of Plaintiffs' Copyrights. Defendants charge fees for downloading Plaintiffs' Copyrights. A substantial amount of those fees is directly published on the Internet *Worldwide Web*. Defendants' acts further damage Plaintiffs because their works are also subject to denial of royalties associated with pirated versions of their sound recordings, and other ill-works undertaken by Defendants to augment sales of the sound recording with a mass produced video production.

40.     Defendants have also successfully expanded their respective businesses by attracting more major music industry powers as potential investors and advertisers by their unauthorized exploitation of Plaintiffs' Copyrighted sound recordings. Plaintiffs unwittingly made them available to the Defendants, while being fully unaware that their creative works would be used for unlawful reproduction and distribution.

41.     At all relevant times, all Defendants have had the right and ability to supervise and/or control their infringing conduct. As a proximate cause of this infringing conduct, Plaintiffs have been effectively denied the recognition, respect, and financial success Defendants presently enjoy at Plaintiffs' expense and from their artistic works. No monetary value can be placed on such intangibles as the recognition and appreciation by peers within the music industry, its leadership, and the public for impactful creativity. Such ordinary benefits have all but been denied Plaintiffs and their expected reward in effect callously stolen by Defendants.

42.    Defendants, through (a) their active participation in the unauthorized reproduction and/or electronic distribution of unauthorized copies of Plaintiffs' Copyrighted works, (b) their provision of the means and facilities for unauthorized reproduction and distribution, (c) their encouragement of these unauthorized acts and their material contribution to such acts, (d) their control over the means and facilities by which such unauthorized reproductions and distributions are effected, and (e) the substantial, direct financial benefits that Defendants derived from all of the aforesaid acts, all with full knowledge of their illegal consequences, are committing, and/or are contributory and vicariously liable for, a vast number of Copyright infringements, including infringements of the Copyrighted Sound Recordings, related video recordings, and all other forms of revenue generated thereof.

43.    The foregoing acts of infringement by Defendants have been willful, intentional and purposeful, in disregard of and with indifference to Plaintiffs' rights.

44.    As a direct and proximate result of Defendants' infringement of Plaintiffs' Copyrights and exclusive rights under Copyright, Plaintiffs are entitled to damages as well as Defendants' profits pursuant to 17 U.S.C. § 504(b) for each infringement.

45.    Alternatively, Plaintiffs are entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in an amount in excess of $450,000 for all individual infringements involved in the action with respect to any one work for which any one infringer is liable individually, or for which any two or more infringers are liable jointly

and severally, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

46.     Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

47.     Defendants' conduct threatens to cause, and is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiffs great and irreparable injury that cannot fully be compensated for or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiffs are entitled to preliminary and permanent injunctions prohibiting further infringements of their Copyrights and exclusive rights under Copyright.

## SECOND CAUSE OF ACTION
## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
### (By Plaintiffs against All Defendants)

48.     Plaintiffs incorporates by reference the allegations of paragraphs 1 through 47 of this Complaint as though fully set forth here.

49.     Plaintiffs have and had an expectancy in continuing an advantageous economic relationships with current and prospective producers as well as artists who could have purchased and co-produced the song.

50.     These relationships contained the probability of future economic benefit in the form of profitable songs, music contracts, music video producing. Had Defendants refrained from engaging in the unlawful and wrongful conduct described in this complaint, there is a substantial probability that Plaintiffs would have sold the song, co-produced,

attracted artists, or expanded, rather than with Defendants.

51.     Defendants knew of these relationships as defendants knew of the persons Plaintiffs were working with; they were aware of his past partnerships and recordings and furthermore, knew the connections that Plaintiffs were continuously acquiring.

52.     Defendants were aware of these economic relationships and intended to interfere with and disrupt them by wrongfully using the song with the original title "Are You The One" changed to and entitled by Defendants, "My Love."

53.     As a result of Defendants' acts, the above-described relationships have been actually disrupted, causing certain current and prospective clients, producers and artists to contract with Defendants instead of Plaintiffs for their songs and production.

54.     As a direct and proximate result of Defendants' actions, Plaintiffs have suffered economic harm, including, but not limited to, loss of profits from sales or licenses to current and potential artists and producers of Plaintiffs' songs and ability to make music and record and produce tracks. Defendants' wrongful conduct was a substantial factor in causing this harm.

55.     Unless Defendants are restrained by appropriate injunctive relief, their actions are likely to recur and will cause Plaintiffs' irreparable injury for which there is no adequate remedy at law.

56.     Defendants' interference with Plaintiffs' prospective economic advantage with

        its

current and future customers, as described above, was willful, malicious, oppressive, and in conscious disregard of Plaintiffs' rights, and Oracle is therefore entitled to an award of punitive damages to punish their wrongful conduct and deter future wrongful conduct.

## THIRD CAUSE OF ACTION
## NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
### (By Plaintiffs against All Defendants)

57.    Plaintiffs incorporates by reference the allegations of paragraphs 1 through 56 of this Complaint as though fully set forth here.

58.    Plaintiffs have and had an expectancy in continuing and advantageous economic relationships with current and prospective producers as well as artists who could have purchased and co-produced the song.

59.    These relationships contained the probability of future economic benefit in the form of profitable songs, music contracts, music video producing. Had Defendants refrained from engaging in the unlawful and wrongful conduct described in this complaint, there is a substantial probability that Plaintiffs would have sold the song, co-produced, attracted artists, or expanded, rather than with Defendants.

60.    Defendants knew or should have known about the economic relationship, described above, and knew or should have known that these relationships would be interfered

with and disrupted if Defendants failed to act with reasonable care in their access to the song "My Love" also entitled "Are you the One." Defendants failed to act with reasonable care.

61. As a result of Defendants' acts, the above-described relationships have been actually disrupted, causing certain current and prospective clients, producers and artists to contract with Defendants instead of Plaintiffs for their songs and production.

62. As a direct and proximate result of Defendants' actions, Plaintiffs have suffered economic harm, including, but not limited to, loss of profits from sales or licenses to current and potential artists and producers of Plaintiffs' songs and ability to make music and record and produce tracks. Defendants' wrongful conduct was a substantial factor in causing this harm.

63. Unless Defendants are restrained by appropriate injunctive relief, their actions are likely to recur and will cause Plaintiffs' irreparable injury for which there is no adequate remedy at law.

64. Defendants' interference with Plaintiffs' prospective economic advantage with

its

current and future customers, as described above, was willful, malicious, oppressive, and in conscious disregard of Plaintiffs' rights, and Oracle is therefore entitled to an award of punitive damages to punish their wrongful conduct and deter future wrongful conduct.

## **FOURTH CAUSE OF ACTION**

## UNFAIR COMPETITION - CAL. BUS. & PROF. CODE § 17200
### (By All Plaintiffs against All Defendants)

65.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 64 of this Complaint as though fully set forth here.

66.    Defendants have engaged in unlawful business acts or practices by committing acts including fraud, interference with business relationships, and other illegal acts and practices as alleged above, all in an effort to gain unfair competitive advantage over Plaintiffs.

67.    These unlawful business acts or practices were committed pursuant to business activity related to providing music to artists and other producers to co-produce songs.

68.    The acts and conduct of Defendants constitute fraudulent, unlawful, and unfair competition as defined by California Bus. & Prof. Code §§ 17200, *et seq.*

69.    Defendants' conduct constitutes violations of numerous state and federal statutes and codes, including, but not limited to, violation of the receipt of stolen property, fraud and related activity.  Defendants' conduct also constitutes trespass to chattels, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, and unjust enrichment.

70.    Defendants have improperly and unlawfully taken commercial advantage of Plaintiffs' investment in its confidential, proprietary, and Copyrighted music. In light of Defendants' conduct, it would be inequitable to allow Defendants to retain the benefit of

the funds obtained though the unauthorized and unlawful use of Plaintiffs' property.

71.     Defendants' unfair business practices have unjustly minimized Plaintiffs' competitive advantage and have caused and are causing Plaintiffs to suffer damages.

72.     As a result of such unfair competition, Plaintiffs have also suffered irreparable injury and, unless Defendants are enjoined from such unfair competition, will continue to suffer irreparable injury, whereby Plaintiffs have no adequate remedy at law.

73.     Defendants should be compelled to disgorge and/or restore any and all revenues, earnings, profits, compensation, and benefits they may have obtained in violation of

California Business & Professions Code § 17200 *et seq.*, including, but not limited to, returning any revenue earned from the unlawful and unfair use of Plaintiffs' stolen song, and should be enjoined from further unlawful, unfair, and deceptive business practices.

## FIFTH CAUSE OF ACTION
## TRESPASS TO CHATTELS
(By Plaintiffs Against All Defendants)

74.     Plaintiffs incorporates by reference the allegations of paragraphs 1 through 76 of this Complaint as though fully set forth here.

75.     At all times mentioned in this Complaint, Plaintiff had legal title to and actual possession of "Are You the One" stolen and entitled by Defendants as "My Love," as described above.

76.     Defendants intentionally interfered with Plaintiffs' use or possession of "Are

You

the One" stolen and entitled by Defendants as "My Love."

77.    Defendants' trespass and interference proximately caused damage to Plaintiffs, including, but not limited to, damage to Plaintiffs' reputation and Plaintiffs ability to earn in the future.

78.    Plaintiffs are entitled to recover any and all damages it sustained as a result of such trespass, in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## FRAUD
### (By Plaintiffs Against Defendant Hoffman, REAL CONTENT MEDIA GROUP)

79.    Plaintiffs incorporates by reference the allegations in paragraphs 1 through 78

of

this complaint as though fully set forth herein.

80.    Defendant, Hoffman as Real Content Media Group, hereinafter Hoffman falsely and fraudulently represented to plaintiff that he sought to connect Plaintiff Farmer with other producers and that he wanted to produce Plaintiff Farmer's artist.

81.    The representations made by defendant were in fact false.

82.    When the Defendant, Hoffman made these representations which knew them to be false, and these representations were made by Defendant Hoffman with the intent to defraud and deceive Plaintiff Farmer and with the intent to induce Plaintiff Farmer to act in the manner herein alleged.  At the time defendant made the promises to Plaintiff Farmer,

Defendant Hoffman had no intention of performing them.

83. Plaintiff Farmer, at the time these representations were made by Defendant Hoffman and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of Defendant's representations and believed them to be true. In reliance on these representations, Plaintiff was induced to and waited to hear about the possible opportunities Mr. Hoffman posed. Had Plaintiff Farmer known the actual facts, Plaintiff Farmer would not have taken such action. Plaintiff's reliance on Defendant's representations was justified because Defendant Hoffman purported to draft paper work and created a contract that was never carried out.

84. As a proximate result of Defendant's fraud and deceit and the facts herein alleged,

Plaintiff was by reason of which Plaintiff has been damaged in the sum which can be proven.

85. In doing the acts herein alleged, Defendant Hoffman acted with oppression, fraud,

and malice, and Plaintiff is entitled to punitive damages to be proven at trial.

## FIFTH CAUSE OF ACTION
### CONVERSION
### (By Plaintiffs Against All Defendants)

86. Plaintiffs incorporates by reference the allegations in paragraphs 1 through 85 of

this complaint as though fully set forth herein.

87.    At all times herein mentioned, Plaintiffs' was and still is entitled to possession of

the song "Are You the One.

88.    On or about May 2008 Defendants took the above-mentioned property

from plaintiff's possession and converted the same to "My Love" by taking it, passing it on

and changing the title for their own use.

89.    As a proximate result of Defendants' conversion, Plaintiff suffered the

following damages which are the natural, reasonable, and proximate results of the

conversion to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.    That Defendants willfully infringed Plaintiffs' rights in federally registered Copyrights

under 17 U.S.C. § 501.

2.    That Defendants otherwise damaged the business reputation of Plaintiffs and business

of Plaintiffs by Defendants acts and conduct set forth in this complaint.

3.    For the court to order that Defendants' pay plaintiffs' general, special, actual and

statutory damages:

A. Profits and for damages in such amount as may be found, or alternatively, for maximum statutory damages of not less than $450,000 for all individual Copyright infringements involved in the action with respect to any one work for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

4. For a preliminary and a permanent injunction enjoining Defendants and Defendants' agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each or any of them, from: (a) directly or indirectly infringing in any manner any of Plaintiffs respective Copyrights or other exclusive rights (whether now in existence or hereafter created), including without limitation, Copyrights or exclusive rights under Copyright in the Copyrighted Sound Recording listed on Exhibit A and (b) causing, contributing to, enabling, facilitating, or participating in the infringement of any of Plaintiffs respective Copyrights or other exclusive rights (whether now in existence or hereafter created), including without limitation, Copyrights or exclusive rights under Copyright in the Copyrighted Sound Recording listed on Exhibit A.

3. For prejudgment interest according to law.

4. For Plaintiff's attorneys' fees, costs, and disbursements in this action.

5. For such other and further relief as the Court may deem just and proper.

1

2

3

4

5

6

7 | DATED: April 19, 2010

8

9                              Respectfully submitted,

10                              Brittany Starr Armstrong - #268260

11                              Attorney for Plaintiffs

Type of Work:        Sound Recording

Registration Number / Date:
                     SR0000628547 / 2009-05-15

Application Title: Are You The One.

Title:               Are You The One.

Description:         Electronic file (eService)

Copyright Claimant:
                     Preston D Marshall.

Date of Creation:    2008

Date of Publication:
                     2008-11-03

Nation of First Publication:
                     United States

Authorship on Application:
                     Preston D Marshall, 1982-    Domicile: United States;
                        Citizenship: United States. Authorship: sound recording,
                        production; song.
                     Demario Raynell Driver, 1990-    Domicile: United States;
                        Citizenship: United States. Authorship: Lyrics;
                        performance.

Copyright Note:      C.O. correspondence.

Names:               Marshall, Preston D, 1982-
                     Driver, Demario Raynell, 1990-
                     Symba
                     Marshall, Preston D
                     Exclusive, 1982-

===============================================================================

++++++++++++++++++++++++++++++++++++++++++
The Library of Congress
United States Copyright Office
101 Independence Ave., S.E.
Washington, D.C. 20559-6000
202-707-3000

1

**EXHIBIT A**