United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PRESTON D. MARSHALL, *et al.*,

            Plaintiffs,

  v.

JOHN HUFFMAN IV, *et al.*,

            Defendant.

                               /

No. C 10-1665 SI

**ORDER DENYING KEVIN B. WILLIAMS' MOTION TO INTERVENE AND DENYING MR. WILLIAMS' REQUEST TO FILE A MOTION FOR SANCTIONS**

      Kevin B. Williams has filed a motion to intervene in this action.  The motion is scheduled for a hearing on September 10, 2010.  Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing.  For the reasons set forth below, the motion is DENIED.

**DISCUSSION**

      On April 19, 2010, plaintiffs Preston Marshall and DeMario Driver filed this action against numerous defendants alleging claims under the Copyright Act and state law.  On August 5, 2010, Kevin B. Williams, a non-party, filed a motion to intervene in this action.  Mr. Williams asserts that he had a contract with plaintiffs under which he provided professional consultant services.  That contract, attached as Exhibit A to Mr. Williams' motion, includes the following provision:

> **LIEN**.  Client hereby grants Consultant a lien of TWENTY FIVE PERCENT (25%) that shall attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or trial.  The effect of such lien is that is [sic] applicable even if Consultant has been discharged before the end of the copyright infringement case.

Motion, Ex. A.  Mr. Williams' motion states that plaintiffs "constructively charged" him, and he now

seeks to intervene "to enforce his contractual interest." Motion at 2:15-16. Plaintiffs oppose Mr. Williams' motion.[1] Plaintiffs assert that Mr. Williams has not demonstrated that intervention is appropriate, and they further assert that the contract between plaintiffs and Mr. Williams is unenforceable for a variety of reasons.[2]

Rule 24 entitles a party to intervene of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a). A motion to intervene under Rule 24(a) is subject to the following four-part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Forest Conservation Council v. United States Forest Service*, 66 F.3d 1489, 1493 (9th Cir. 1995) (quoting *Sierra Club v. U.S. E.P.A.*, 995 F.2d 1478, 1481 (9th Cir. 1993)).

The Court finds that Mr. Williams is not entitled to intervene as a matter of right because he has not demonstrated that he has a "significantly protectable" interest in plaintiffs' Copyright claims against defendants. Nor will disposition of this action "as a practical matter impair or impede [Mr. Williams'] ability to protect" whatever contractual interests he does have: Mr. Williams can file a notice of lien and/or a separate action on the underlying contract.

Mr. Williams alternatively seeks permissive intervention. Permissive intervention "is committed to the broad discretion of the district court." *Orange County v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986). Intervention under Rule 24(b)'s general provision requires an independent basis for

---

[1] Mr. Williams objects that plaintiffs' opposition is untimely, and he contends that the Court should disregard the opposition on that basis. Although the opposition was filed several days late, the Court prefers to resolve matters on the merits and thus will consider the opposition.

[2] Plaintiffs assert that the contract is invalid because Mr. Williams, a non-lawyer, agreed to provide legal services for plaintiffs. Plaintiffs also assert that a criminal complaint has been filed against Mr. Williams. Mr. Williams' reply charges that plaintiffs' counsel has made false allegations of criminal wrongdoing against Mr. Williams, and Mr. Williams seeks leave to file a motion for sanctions against counsel. In light of the disposition of this motion, the Court also DENIES the request to file a sanctions motion.

**United States District Court**
For the Northern District of California

1  federal subject matter jurisdiction. *See EEOC v. Nev. Resort Assoc.*, 792 F.2d 882, 885 (9th Cir. 1986).

2  Here, there is no independent basis for federal jurisdiction, as Mr. Williams' claim against plaintiffs is

3  contractual and arises under state law.

4      Accordingly, for the foregoing reasons the Court DENIES Mr. Williams' motion to intervene.

5  (Docket No. 12).

6

7      **IT IS SO ORDERED.**

8

9  Dated: September 7, 2010

10                                      SUSAN ILLSTON
                                        United States District Judge