**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON D. MARSHALL, *et al.*, | No. C 10-1665 SI |
| Plaintiffs, | **ORDER RE: DEFENDANT ISLAND DEF JAM MUSIC GROUP'S MOTION TO DISMISS THE COMPLAINT AND MOTION TO STRIKE** |
| v. | |
| JOHN HUFFMAN IV, *et al.*, | |
| Defendants. | |

On December 9, 2010, the Court held a hearing on defendant Island Def Jam Music Group's motion to dismiss the complaint and motion to strike. For the following reasons, the Court GRANTS the motion to dismiss without leave to amend as to defendant Island Def Jam Music Group and GRANTS the motion to strike. As set forth below, the Court grants plaintiffs limited leave to amend the complaint. **The amended complaint must be filed no later than December 30, 2010**.

## BACKGROUND

On April 19, 2010, plaintiffs Preston D. Marshall (aka Trent D. Farmer) and Demario Driver (aka "Symba") filed a complaint against numerous defendants, including Island Def Jam Music Group. Prior to any defendant responding to the complaint, plaintiffs twice amended the complaint. The second amended complaint ("SAC") alleges that plaintiffs are independent music producers and freelance writers/sound engineers, and that they are the owners of a copyright in a sound recording titled "Are You the One." SAC ¶ 7. The copyright registration attached as Exhibit A to the SAC states that "Are You the One" is a "sound recording," that the copyright claimant is Preston D. Marshall, and that the authors on the application were Preston D. Marshall and Demario Raynell Driver. *Id*.

The complaint alleges that in 2008, plaintiff Marshall (Farmer) met defendant John Huffman IV. "Defendant Huffman contacted Plaintiff Farmer on the premise that he had an opportunity for Plaintiff Farmer and his recording artist Lady Nicole. Defendant Huffman was specifically interested in a record the Plaintiffs had produced entitled "Are You The One." *Id.* ¶ 18. Marshall emailed Huffman "Are You The One," including a version without the chorus. *Id.* ¶¶ 21-22. The complaint alleges that Huffman told Marshall that an artist named Tayma Loren "would sound great on the chorus," and that Huffman would have his producer, defendant LOS Da Maestro,[1] mix and master the record. *Id.* ¶ 22. According to the complaint, Marshall (Farmer) and Huffman continued working together and in September 2008, Huffman "purported to Plaintiff Farmer that he was in fact finalizing an agreement with Plaintiff Farmer to have Plaintiff Farmer and LOS work together on the song." *Id.* ¶ 23. However,

> [a]lmost immediately after Plaintiff Farmer initiated conversation about the contract, Defendant Huffman cut off all communication with Plaintiff and Plaintiff Farmer alleges upon belief that Defendant Huffman circulated the song recording to other named defendants, and changed the original title of the song from "Are You the One" to "My Love." The songs contain identical melodic coding and the same harmonic protocols that are readily discernible to the human ear. Regardless of which version is heard, the extrinsic evidence shows verifiable communications between the parties that inescapably connects Defendants to that specific musical single and the conditional disclosure of his works.

*Id.* ¶ 24. The complaint alleges that the infringing song "My Love" is contained on an album titled "Love vs. Money," and that "My Love" is performed by defendant "The Dream," whose real name is Terius Youngdell Nash. *Id.* ¶¶ 1, 26.

Plaintiffs have sued Huffman, Nash, Real Content Media Group, Mariah Carey, Island Def Jam Music Group, and Carlos McKinney. The complaint does not contain any allegations specific to Real Content Media Group, Mariah Carey, Island Def Jam Music Group, and Carlos McKinney. The complaint alleges claims for copyright infringement, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, fraud, and conversion.

On September 7, 2010, defendant Island Def Jam Music Group ("Island Def Jam") filed a motion to dismiss and a motion to strike. On October 14, 2010, the parties filed a stipulation to extend the

---

[1] The complaint refers to LOS Da Maestro (also sometimes referred to in the complaint as "L.O.S.") as a defendant, yet LOS Da Maestro is not named in the caption, nor is LOS Da Maestro named as a defendant in the "Parties" section of the complaint.

2

hearing date on defendant's motions. (Docket No. 31). The stipulation stated that plaintiffs' counsel had requested an extension of time to respond to defendant's motions, and that the parties had been informed by the Court that the next available hearing date was December 9, 2010. Accordingly, the motions were rescheduled for a hearing on December 9, 2010. The parties also agreed to stay discovery due to the pending motions as well as the status of service and the appearance of other defendants in this case.[2]

Plaintiffs' oppositions to the Island Def Jam's motions were due on November 18, 2010; no oppositions were filed. Island Def Jam filed replies on November 24, 2010. Defense counsel filed a declaration on November 29, 2010, stating that on November 23, 2010, plaintiffs' counsel contacted her and requested that Island Def Jam stipulate to continue the hearing once again to allow plaintiffs to file a late opposition. Greer Decl. ¶ 10. Ms. Greer states that Island Def Jam "reluctantly considered stipulating to a short continuance, contingent on the Court's availability for a hearing on December 16, 2010." *Id.* ¶ 11. According to Ms. Greer, she was unable to confirm the Court's availability for December 16, 2010, and thus Island Def Jam filed its reply briefs.

Plaintiffs never filed anything in response to defendants' motions.[3] However, counsel for plaintiffs appeared at the December 9, 2010 hearing. At the hearing, counsel stated that plaintiffs did not oppose the motions filed by Island Def Jam Music Group because plaintiffs only wished to pursue their claims against "two other defendants." Counsel did not identify the two defendants. Based upon these statements, and because the SAC fails to state a claim against Island Def Jam Music Group, the Court GRANTS defendant's motion to dismiss the complaint as to Island Def Jam Music Group. The

---

[2] Plaintiffs have filed proofs of service of the summons and complaint on Huffman, Real Content Media Group, and Island Def Jam Music Group. (Docket Nos. 9 and 10). Counsel for Island Def Jam has filed a declaration stating that although service on Island Def Jam was incomplete and improper, Island Def Jam nevertheless agreed to accept service in exchange for a modest extension of time to respond. Greer Decl. ¶ 2 (Docket No. 41).
On September 1, 2010, the Court granted plaintiffs' application to serve several defendants by publication. Plaintiffs have not filed anything further with regard to service by publication, and the docket does not reflect that any other defendants have been served.

[3] Counsel is reminded to strictly adhere to the Federal Rules of Civil Procedure and the Civil Local Rules. Counsel is expected to follow court deadlines and to timely respond to motions filed by defendants. If plaintiffs do not oppose a motion filed by a defendant, plaintiffs are required to timely file a statement to that effect.

3

1 Court will grant plaintiffs limited leave to amend the complaint as to the "two defendants." However, 2 because the issues raised by Island Def Jam Music Group's motions will guide plaintiffs in their 3 amendment of the complaint as against the two defendants, the Court addresses the substance of Island 4 Def Jam Music Group's motions.

**LEGAL STANDARDS**

**I.  Motion to dismiss**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**II.  Motion to strike**

Federal Rule of Civil Procedure 12(f) provides that a court may, on its own or on motion, "strike

4

from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that arises from litigating spurious issues by dispensing of those issues before trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). However, motions to strike are generally disfavored. *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). In most cases, a motion to strike should not be granted unless "the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

## DISCUSSION

### I. Motion to dismiss

#### A. Copyright claim

Defendant Island Def Jam moves to dismiss plaintiffs' copyright infringement claim on the ground that the allegations of the complaint do not state a claim for infringement of a "sound recording." The copyright registration attached as Exhibit A to plaintiffs' complaint shows that plaintiff Marshall registered a copyright of a "sound recording" called "Are You the One" in 2008; neither the complaint nor the copyright registration shows that plaintiffs registered a copyright of a "musical work." The Copyright Act recognizes separate protections for "musical works" (i.e., compositions) as distinct from "sound recordings" which may embody those compositions. 17 U.S.C. §§ 102(a)(2)&(7). "Sound recordings" are defined as "works that result from the fixation of a series of musical, spoken, or other sounds, but not including the sounds accompanying a motion picture or other audiovisual work, regardless of the nature of the material objects, such as discs, tapes, or other phonorecords, in which they are embodied." 17 U.S.C. § 101. "[T]he sound recording copyright does not attach to the underlying work *per se*, but only to the aural version of such work as fixed on the material object." 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 2.10[A][2] (2006). Nimmer explains that "a musical work copyright inheres in a Cole Porter song, while a sound recording copyright inheres in Frank Sinatra's rendition of the Porter song." *Id.* at n.23.

Defendant notes that the complaint alleges that the song "My Love" infringes the copyright

5

because "My Love" "contains the identical melodic coding and the same harmonic protocols that are readily discernible to the human ear" as "Are You the One." SAC ¶ 24. However, as defendant argues, in order to state a claim for copyright infringement of a sound recording, the complaint must allege that the actual sounds fixed in the copyrighted sound recording were duplicated in the infringing song. 17 U.S.C. Section 114(b) provides, in relevant part,

> The exclusive right of the owner of copyright in a sound recording under clause (1) of section 106 is limited to the right to duplicate the sound recording in the form of phonorecords or copies that directly or indirectly recapture the actual sounds fixed in the recording. The exclusive right of the owner of copyright in a sound recording under clause (2) of section 106 is limited to the right to prepare a derivative work in which the actual sounds fixed in the sound recording are rearranged, remixed, or otherwise altered in sequence or quality. The exclusive rights of the owner of copyright in a sound recording under clauses (1) and (2) of section 106 do not extend to the making or duplication of another sound recording that consists entirely of an independent fixation of other sounds, even though such sounds imitate or simulate those in the copyrighted sound recording.

17 U.S.C. § 114(b). Thus, if another sound recording consists "entirely of an independent fixation of other sounds, even though such sounds imitate or simulate those in the copyrighted sound recording," there is no infringement of a sound recording.

Accordingly, the SAC does not state a claim for copyright infringement of a "sound recording," and the Court GRANTS defendant's motion to dismiss this claim. At the December 9, 2010 hearing, plaintiffs' counsel represented that plaintiffs in fact have a copyright in a "musical work," and thus that plaintiffs can amend to state a claim for copyright infringement. Based upon this representation, the Court GRANTS plaintiffs leave to amend the copyright claim as against the "two defendants." The amended complaint shall specifically allege how each defendant infringed plaintiffs' work, and the amended complaint shall attach a copy of the copyright registration of plaintiffs' "musical work."

**B.    State law claims**

Plaintiffs allege claims for intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, fraud and conversion; most of these claims are alleged against "all defendants" although the complaint does not contain any allegations specific to any defendants except Huffman and Nash.

Defendant contends that plaintiffs' state law claims fail to meet the pleading requirements of

Rule 8a. The Court agrees. As noted *supra*, except for identifying Island Def Jam as a party, the complaint does not contain any factual allegations about Island Def Jam. For each of the state law claims, the complaint largely consists of boilerplate allegations reciting the elements of a claim without any factual support or differentiation between defendants. For example, under the claim for interference with prospective economic advantage, the complaint alleges that "Plaintiffs have and had an expectancy in continuing [] advantageous economic relationships with current and prospective producers as well as artists who could have purchased and co-produced the song"; "Defendants knew of these relationships as Defendants knew of the persons Plaintiffs were working with; they were aware of his [sic] past partnerships and recordings and furthermore knew the connections that Plaintiffs were continuously acquiring"; and "Defendants were aware of these economic relationships and intended to interfere with and disrupt them by wrongfully using the song with the original title 'Are You The One' changed to and entitled by Defendants, 'My Love.'" SAC ¶¶ 52, 55, 56. There is nothing in the complaint alleging with whom plaintiffs were working or who among the defendants knew about these relationships.

Accordingly, the Court DISMISSES the state law claims. The Court will GRANT leave to amend the state law claims against the two defendants. The amended complaint must include factual allegations specific to the two defendants, and cannot simply rely on boilerplate allegations.

Further, although it is presently unclear whether plaintiffs can state a claim for copyright infringement, if plaintiffs amend the copyright claim, plaintiffs must take care that any state law claims that are alleged are not preempted by the Copyright Act. Generally, "[a] state law cause of action is preempted by the Copyright Act if two elements are present. First, the rights that a plaintiff asserts under state law must be 'rights that are equivalent' to those protected by the Copyright Act. . . . Second, the work involved must fall within the 'subject matter' of the Copyright Act as set forth in 17 U.S.C. §§ 102 and 103." *Kodadek v. MTV Networks*, 152 F.3d 1209, 1212 (9th Cir. 1998) (internal citations omitted). "[T]o survive preemption, the state cause of action must protect rights which are qualitatively different from the copyright rights." *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134, 1143 (9th Cir. 2006).

7

**II.     Motion to strike**

Defendant moves to strike references in the complaint to "Oracle," "software," and "licensed customers" as immaterial and impertinent. *See* SAC ¶¶ 33, 37, 40, 60 and 68. These references were apparently copied from other pleadings and have nothing to do with this matter, and accordingly the Court GRANTS defendant's motion and STRIKES these references.

Defendant also moves to strike references in the complaint to statutory damages "in excess of $450,000" or "not less than $450,000." Defendant correctly notes that the maximum statutory damages award authorized under the Copyright Act is $150,000 for all infringements with respect to any one work. 17 U.S.C. § 504(c)(2) (statutory damages for willful infringement). The Court GRANTS defendant's motion and STRIKES these references because the statutory damages sought in the complaint are not available as a matter of law.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss the complaint WITHOUT LEAVE TO AMEND as against Island Def Jam Music Group. Plaintiffs are granted limited leave to amend the complaint as against the two defendants mentioned by plaintiffs' counsel at the December 9, 2010 hearing. (Docket No. 22). The Court GRANTS defendant's motion to strike. (Docket No. 19). **The amended complaint must be filed no later than December 30, 2010**.

**IT IS SO ORDERED.**

Dated: December 9, 2010

SUSAN ILLSTON
United States District Judge

8