IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON D. MARSHALL, | No. C 10-1665 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT** |
| v. | |
| JOHN HUFFMAN IV, *et al.*, | |
| Defendants. | |

Plaintiff's motion for leave to file a fourth amended complaint is scheduled for a hearing on January 13, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court GRANTS the motion. The fourth amended complaint shall be filed no later than **January 13, 2012**. The January 13, 2012 case management conference is rescheduled to **March 2, 2012 at 3:00 pm**.

**DISCUSSION**

Plaintiff Preston Marshall, now represented by new counsel, seeks to file a fourth amended complaint to correct mistakes made by his former counsel in the third amended complaint, as well as to streamline this case by deleting unnecessary or improper causes of action included in the third amended complaint. One proposed amendment is the addition of UMG Recordings, Inc. ("UMG") as a defendant; Island Def Jam Music, a division of UMG, was previously dismissed from the second amended complaint after plaintiff's former counsel failed to oppose Island Def Jam Music's motion to dismiss and represented to the Court that plaintiff did not wish to pursue his claims against Island Def

Jam Music. The second amended complaint alleged, *inter alia*, a claim against Island Def Jam Music Inc. for copyright infringement of a sound recording, while the proposed fourth amended complaint seeks to allege a claim against UMG for copyright infringement of a musical composition. Plaintiff has filed a declaration in support of the instant motion stating that he was unaware his previous counsel had failed to oppose Island Def Jam Music's motion to dismiss, that he never told his previous lawyer that he did not want to pursue his claims against UMG, and that he still wants to pursue his claims against UMG.

UMG argues that plaintiff should not be permitted to amend the complaint to add UMG back as a defendant because the Court granted Island Def Jam Music Group's motion to dismiss "without leave to amend." UMG argues that such a dismissal operates as a dismissal with prejudice, and relatedly that the proposed fourth amended complaint against UMG is barred by res judicata. UMG also asserts that plaintiff's motion is an "improper end-run" around the high standard governing a motion for reconsideration, that the alleged incompetence of plaintiff's former counsel does not permit plaintiff to resuscitate claims against UMG that have been dismissed, and that plaintiff and his counsel should be sanctioned for unreasonably multiplying proceedings in this case by filing the instant motion to amend.

The Court concludes that plaintiff should be permitted to file the proposed fourth amended complaint. Ordinarily, the Court would have granted plaintiff leave to amend his claims against Island Def Jam Music Group when the Court granted the motion to dismiss the second amended complaint. The only reason the Court dismissed plaintiff's claims against Island Def Jam Music Group without leave to amend was because plaintiff's former counsel stated at the December 9, 2010 hearing that plaintiff did not want to pursue his claims against that defendant. In light of the unusual situation presented here, the Court finds that it is in the interest of justice to allow plaintiff to amend the complaint. Granting leave to amend is consistent with the liberal policy in favor of allowing amendment unless it is clear that "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted). UMG does not contend that the proposed amendment is futile, and plaintiff seeks to allege a new and different copyright claim than the claim that the Court dismissed in the December 9, 2010 order. Further, given the early stages of this litigation, UMG will not be prejudiced by the amendment. Although this case

2

has been pending for some time, it is still at the pleadings stage and none of the defendants have been served with the third amended complaint.

The Court also finds that sanctions against plaintiff are not warranted. The Court disagrees with UMG's assertions that plaintiff and his new counsel are vexatiously multiplying proceedings. The Court believes it is in all of the parties' interests to move forward with this litigation in an expeditious and cooperative fashion. Relatedly, with regard to UMG's contention that plaintiff should have filed a motion for reconsideration instead of a motion for leave to amend, the Court finds that given the procedural posture and circumstances of this case, plaintiff did not act improperly.

## CONCLUSION

Accordingly, the Court GRANTS plaintiff's motion for leave to file a fourth amended complaint. Docket No. 51. The fourth amended complaint must be filed no later than **January 13, 2011**. Plaintiff shall promptly serve the complaint on all defendants. The Court will hold a case management conference on **March 3, 2012 at 3:00 pm.**

**IT IS SO ORDERED.**

Dated: January 8, 2012

SUSAN ILLSTON
United States District Judge

3