IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON D. MARSHALL,<br><br>  Plaintiff,<br><br>v.<br><br>JOHN HUFFMAN IV, *et al.*,<br><br>  Defendants.<br>_____/ | No. C 10-1665 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE KEVIN B. WILLIAMS' NOTICE OF LIEN AND REMOVE IT FROM THE DOCKET** |

Plaintiff's motion to strike Kevin B. Williams' notice of lien is scheduled for a hearing on January 13, 2012. Pursuant to Civil Local Rule 7-1(b), the Court finds that this matter is appropriate for resolution without oral argument, and VACATES the hearing.

**DISCUSSION**

Kevin B. Williams is not a party to this copyright infringement lawsuit. Mr. Williams sought to intervene in this case based upon an alleged contract between himself and plaintiffs.[1] That contract, attached as Exhibit A to Mr. Williams' motion to intervene, includes the following provision:

> **LIEN**. Client hereby grants Consultant a lien of TWENTY FIVE PERCENT (25%) that shall attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or trial. The effect of such lien is that is [sic] applicable even if Consultant has been discharged before the end of the copyright case.

Docket No. 12, Ex. A. Mr. Williams claims that plaintiffs "constructively discharged" him, and he

---

[1] This lawsuit was originally filed by two plaintiffs, Preston D. Marshall and Demario D. Driver. According to recent filings by Mr. Marshall, Mr. Driver assigned his copyright interest to Mr. Marshall, and Mr. Driver is no longer a plaintiff.

sought to intervene in this case "to enforce his contractual interest." Docket No. 12 at 2:15-16. The Court denied Mr. Williams' request to intervene, finding that he did not demonstrate that he has a "significantly protectable" interest in plaintiffs' copyright claims, and that the Court did not have subject matter jurisdiction over Mr. Williams' contractual claim. Mr. Williams has appealed that order to the Ninth Circuit Court of Appeals, and that appeal is pending.

Mr. Williams then filed a Notice of Lien attempting to secure an interest in any recovery by plaintiffs in this case on the same basis made in his motion to intervene – the alleged contract claim. Mr. Williams' Notice of Lien states that "[t]his lien is presented pursuant to Code of Civil Procedure Section 491.410 and Civil Code of Civil Procedure 708.410(a)." Docket No. 52 at 2:1. Cal. Code Civ. Proc. § 481.010 *et seq.* are California's attachment statutes, and § 491.410, titled "Lien in Pending Action or Special Proceeding in Which Defendant is Party – Procedure for Obtaining Lien by Notice of Lien," requires, *inter alia*, the filing of a copy of the right to attach order and a copy of an order permitting the creation of a lien under this article. *See* Cal. Code Civ. Proc. § 491.410(b). Cal. Code Civ. Proc. § 708.410(a) is titled "Entitlement to Lien in Pending Action or Proceedings – Procedure for Obtaining Lien by Notice of Lien," and states that a judgment creditor who has a money judgment against a judgment debtor who is a party to a pending action or special proceeding may obtain a lien under this article. Mr. Williams' Notice of Lien does not attach any documents showing that Mr. Williams has complied with the attachment statutes or that he is a judgment creditor of plaintiff.

Plaintiff Marshall has moved to strike the Notice of Lien, asserting that this Court lacks subject matter jurisdiction over the matter and that Mr. Williams has not satisfied the requirements for obtaining a lien. Plaintiff argues that Mr. Williams does not have a properly obtained lien and that he has not complied with the statutory requirements for obtaining such a lien. In addition, plaintiff states that he disputes the validity and enforceability of the contract between himself, Mr. Driver and Mr. Williams, and moreover that Mr. Williams' breach of that contract excuses plaintiff's obligation to perform under the contract.

In response, Mr. Williams asserts that the Court's order denying his motion to intervene stated that Mr. Williams could file a notice of lien and/or a separate action on the underlying contract. However, the Court's order did not excuse Mr. Williams from complying with the procedures necessary

2

1 to obtain and enforce a lien. Mr. Williams has simply filed a document titled "Notice of Lien," and he
2 has not shown that he has complied with the requirements of Cal. Code of Civ. Proc. §§ 491.410 or
3 708.410(a). Indeed, the validity of Mr. Williams' "lien" is disputed, and this Court does not have
4 subject matter jurisdiction to adjudicate the enforceability of the contract between Mr. Williams and
5 plaintiff. If Mr. Williams' "lien" were allowed to remain on the docket and plaintiff recovered in this
6 lawsuit, the Court would then be required to adjudicate the validity of Mr. Williams' "lien," including
7 whether the contract between plaintiff and Mr. Williams is enforceable and whether plaintiff or Mr.
8 Williams breached that contract.

9 Accordingly, the Court GRANTS plaintiff's motion to strike Mr. Williams' "Notice of Lien,"
10 found at Docket No. 52, and remove it from the docket.

12 **IT IS SO ORDERED.**

14 Dated: January 9, 2012

SUSAN ILLSTON
United States District Judge