IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON D. MARSHALL, | No. C 10-1665 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| JOHN HUFFMAN IV, *et al.*, | |
| Defendants. | |

Defendant John Huffman's motion to dismiss the claims asserted against him in the Fourth Amended Complaint ("FAC") is scheduled for a hearing on August 24, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES the motion.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court

1  must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the
2  plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the
3  court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions
4  of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**DISCUSSION**

Defendant Huffman moves to dismiss the claims asserted against him, arguing that plaintiff has failed to adequately allege the copyright infringement, fraud, negligent misrepresentation and breach of contract claims against Huffman.

**I.  Copyright Claim**

Huffman argues that plaintiff has failed adequately to allege his copyright claim, because plaintiff fails to allege that defendant Huffman "copied" plaintiff's work, and because the allegation that Huffman "distributed" plaintiff's copyrighted work without permission is insufficient to support the copyright infringement claim since it is devoid of supporting facts. Motion at 1-2. Huffman's argument is not well taken. A claim for copyright infringement can be based on allegations of unauthorized distribution of a copyrighted work. *See* 17 U.S.C. § 106(3) (exclusive rights protected by Copyright Act include right to distribution of copyrighted work). The Fourth Amended Complaint adequately explains the facts supporting the improper distribution allegations: it alleges that Huffman distributed without permission plaintiff's song "Are You the One," in violation of the Copyright Act. *See* Fourth Amended Complaint, ¶¶ 34-35.

Huffman also argues that plaintiff cannot maintain a copyright cause of action for unauthorized distribution because the Fourth Amendment Complaint admits that plaintiff gave Huffman the right to distribute the song. Motion at 4-5. However, the Fourth Amended Complaint does not allege that plaintiff gave Huffman the right to "distribute" his recordings, but instead references an alleged agreement that Huffman "market" plaintiff's recordings. *See* FAC, ¶¶ 52, 59. There are no allegations in the complaint that undermine plaintiff's claim of unauthorized distribution in violation of the Copyright Act.

2

## II. Fraud and Negligent Misrepresentation

Huffman argues that the fraud and negligent misrepresentation claims fail because the copyright infringement claim fails. Huffman contends that the copyright infringement claim forms the basis of the fraud-based claims but fails to meet the heightened pleading standards required for fraud-based claims with respect to knowledge of falsity/intent. Motion at 6. The Court has already found that the copyright claim is adequately alleged. The Court also finds that plaintiff has adequately stated the "how, when, what, where and whom" elements necessary to support his fraud and negligent misrepresentation claims. *See* FAC, ¶¶12, 20-24, 41-45, 47-51. With respect to intent, the Court finds that the generalized allegations of knowledge and intent made in the complaint (FAC, ¶¶ 42, 48-49), are sufficient at this stage. *See, e.g.*, Fed. R. Civ. Proc. 9(b) ("intent, knowledge, and other conditions of a person's mind may be alleged generally").

## III. Breach of Contract

Finally, Huffman argues that plaintiff fails to allege sufficient facts to state a breach of contract claim. Specifically Huffman argues that the claim is not adequately pled because other than the agreement to "share in the profits" from the marketing of plaintiff's songs, there are no facts alleged about how the parties were to be compensated or other facts regarding the "terms" of the parties' agreement. Motion at 7. The Court finds that the existence of, performance under, breach, and damage due to the breach of an alleged oral and/or implied-in-fact contract have been adequately alleged. *See* FAC, ¶¶ 53-57, 59-63.

## CONCLUSION

Accordingly, the Court DENIES defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: August 20, 2012

SUSAN ILLSTON
United States District Judge