IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRESTON D. MARSHALL, | No. C 10-1665 SI |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL** |
| v. | |
| JOHN HUFFMAN IV, *et al.*, | |
| Defendants. | |

The parties have filed letter briefs concerning several discovery disputes. Docket Nos. 199 & 200. The first set of disputes concerns plaintiff's interrogatories to defendants Mariah Carey and Terius Nash asking those defendants to "describe in detail each similarity that You believe exists between the songs 'My Love' and 'Are You The One.'" Defendants objected on various grounds, including that defendants had never heard plaintiff's song[1] and that the interrogatories sought irrelevant information. Plaintiff asserts that the defendants should be required to listen to "Are You The One" and answer the interrogatories. Defendants contend that their lay opinion regarding any similarities between the two songs is not probative of whether defendants' song infringes plaintiff's copyright. Defendants also note that the parties have hired expert musicologists, and those experts will opine about any similarities between the songs at issue.

The Court agrees with defendants that the interrogatories are improper because they seek irrelevant lay opinion, particularly in light of the fact that both defendants state that they have never

---

[1] From the parties' letter briefs, it appears that a segment of "Are You The One" was played at defendant Nash's deposition; Nash states that aside from that small excerpt, he has not heard the song.

heard the song before. *Cf. Gable v. National Broadcasting Co.*, 727 F. Supp. 2d 815, 833-34 (C.D. Cal. 2010) (in literary copyright infringement case, excluding expert testimony where expert did not have any experience, knowledge, training, or education in the literary field, and discussing copyright infringement cases where expert testimony comparing works was admitted).[2] The one case that plaintiff cites in support of the assertion that courts "regularly" compel such discovery in copyright infringement cases does not support plaintiff's position. In *Zendel v. ABC Video Productions*, No. CV 10–02889–VBF, 2013 WL 1396572 (C.D. Cal. Mar. 29, 2013), the court denied the plaintiff's motion for relief from judgment after dismissing the case based upon the plaintiff's failure to comply with discovery obligations and court orders. In the portion of the decision that plaintiff cites, the court recounted the procedural history of the case, and in that context noted that the defendant's first set of interrogatories "sought basic discovery relevant to Plaintiff's claims and the Defendants' defenses, including . . . alleged similarities between "Ugly Betty" and Plaintiff's alleged works." *Id*. at *1. There is no discussion in that decision regarding what information was specifically sought by those interrogatories, nor is there any information provided about the magistrate judge's order compelling the plaintiff to respond to those interrogatories. *See id*.

Plaintiff also wishes to depose defendant Carey about her opinion regarding the similarities between the parties' songs. For the same reasons, the Court DENIES this request.

Finally, plaintiff moves to compel a further production of documents from defendant Nash. Plaintiff's Request for Production Nos. 41 and 42 seek media files relating to "My Love" and "all video files concerning, referring, relating, evidencing, or supporting creation of each song composed, produced work performed by [Nash]." Plaintiff asserts that the video footage regarding "My Love" that defendant has produced is "suspect" and "contrived" because the footage is not complete and defendant's counsel "have suspiciously provided a declaration from the videographer that part of the video footage from that session was destroyed or lost." Docket No. 200 at 2. Plaintiff asserts that he needs video recordings of defendant creating other songs to "compare whether the video is consistent with his normal practices or whether there are discrepancies that support Plaintiff's argument that the

---

[2] The Court makes no finding at this time regarding whether any proposed testimony by the parties' musicologists would be admissible.

2

video was purposely contrived after the fact to cover up his theft of Plaintiff's song." *Id*.

In response, defendant states that he produced all the video footage he has depicting his creation of "My Love," and that portions of the footage not pertaining to the creation of that song are outside of the scope of Request for Production No. 41. Defendant also states that he produced to plaintiff a sworn declaration by the "My Love" videographer identifying himself and outlining the chain of custody over the video footage at issue. Defendant states that plaintiff is misrepresenting the contents of that declaration in that the videographer did not state that parts of the video from the "My Love" session were destroyed, but rather he stated that parts of the hard drive from which the video footage was retrieved were not recoverable due to a malfunction of the hard drive motor. Defendant also states that on August 1, 2013, defense counsel wrote to plaintiff's counsel, stating that he had provided all video footage depicting defendant's creation of "My Love." With regard to Request for Production No. 42, defendant objects that the request for all video footage depicting defendant's creation of every sound recording and/or musical composition ever composed, produced or performed by him is overbroad. Defendant states that in defense counsel's August 1, 2013 letter, defendant offered "to discuss where you think we are wrong and/or how any footage could be probative of anything, but we believe your request, based solely on your allegation (without any specifics whatsoever) that the My Love footage is suspect, is unreasonable, " and that plaintiff never responded to this correspondence. Docket No. 200 at 5.

Based upon the record before the Court, the Court finds that plaintiff has not shown that there is any reason to believe that defendant has not produced all footage he has regarding the creation of "My Love." The Court also finds that plaintiff has failed to meet and confer with defendant regarding Request No. 42. In any event, the Court finds that plaintiff has not shown the relevance of footage of defendant creating and/or producing musical compositions and sound recordings that are not at issue in this case. Accordingly, plaintiff's motion to compel further responses to these requests for production of documents it is DENIED.

**IT IS SO ORDERED.**

Dated: October 10, 2013

SUSAN ILLSTON
United States District Judge

3